IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| BUDDY LEE CRINER, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 7:08-CV-156-O |
| | ) | |
| RICK THALER, Director, | ) | |
| Texas Department of Criminal Justice, | ) | |
| Correctional Institutions Division, | ) | |
| Respondent. | ) | |

MEMORANDUM OPINION AND ORDER

This is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The Petitioner, Buddy Lee Criner, challenges the validity of his Wichita County conviction for the offense of delivery of a controlled substance, for which he was sentenced to twenty years in prison. *State v. Criner*, No. 41146-A (30th District Court of Wichita County, Texas 2004). He now seeks federal habeas relief on the following grounds:

  1. ineffective assistance of trial counsel;

  2. ineffective assistance of appellate counsel;

  3. erroneous findings of fact in his state habeas proceeding, and;

  4. the District Attorney withheld evidence from the grand jury.

*See* Petition and Memorandum in Support.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") there is a one-year limitation period during which an inmate must file any federal petition for writ of habeas corpus in which he seeks relief under § 2254. The AEDPA provides in pertinent part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Petitioner was convicted on July 14, 2004. Petition ¶ 2; *Ex parte Criner*, App. No. WR-61,080-02, Event ID 2315197 at pp. 76-77. On October 20, 2005, the judgment in his case was affirmed on direct appeal. *Criner v. State*, No. 02-04-00351-CR (Tex. App. – Ft. Worth 2005, no pet.). Criner filed an untimely petition for discretionary review pursuant to which the Court of Criminal Appeals took no action. *See* Letter from Court of Criminal Appeals dated October 25, 2006. Therefore, Criner's conviction became final on November 21, 2005, the last day on which he could have filed a timely petition for discretionary review. *See* Tex. R. App. P. 68.2(a) (2001) ("the petition [for discretionary review] must be filed within 30 days after either the day the court of appeals' judgment was rendered or the day the last timely motion for rehearing was overruled by the court of appeals."). Petitioner filed his state application for habeas relief on November 19, 2007,

which was more than one year after his conviction became final. *Ex parte Criner*, App. No. WR-61,080-02, Event ID 2315197 at p. 2. He filed the instance action on September 19, 2008, long after the expiration of the one-year statute of limitations.

Petitioner argues that the instant petition should be considered timely because his attorney on appeal failed to inform him when his conviction was affirmed. Criner claims that he first received notice of the appellate court's decision on October 25, 2006. *See* Petitioner's Reply to Respondent's Answer at p. 4. Criner presented this claim in his state habeas application. *Ex parte Criner*, App. No. WR-61,080-02, Event ID 2315197 at pp. 53-54. The Court of Criminal Appeals remanded the case to the 30th District Court for an evidentiary hearing on the issue. *Ex parte Criner*, App. No. WR-61,080-02, Event ID 2320653 at pp. 1-3. Based upon the affidavit of counsel, the District Court could not find that counsel failed to notify Criner that his conviction had been affirmed on direct appeal and, therefore, counsel could not be deemed ineffective. *Ex parte Criner*, App. No. WR-61,080-02, Event ID 2328347 at pp. 7-8. The Court of Criminal Appeals subsequently denied Criner's habeas application without written order on findings of the trial court without a hearing. *Ex parte Criner*, App. No. WR-61,080-02, Event ID 2315197 at Cover.

The resolution of factual issues by the state court is afforded a presumption of correctness and will not be disturbed unless the habeas petitioner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Sumner v. Mata*, 449 U.S. 539, 550 (1981). Absent such evidence, the presumption of correctness is applied provided that the state court findings are evidenced in writing, issued after a hearing on the merits, and are fairly supported by the record. *E.g., Burden v. Zant*, 498 U.S. 433, 436-37 (1991); *Williams v. Scott*, 35 F.3d 159, 161 (5th Cir. 1994); 28 U.S.C. § 2254(d). The state court's finding that counsel was not ineffective because the

evidence failed to support Criner's claim is entitled to a presumption of correctness. The record in this case fairly supports the state court's finding.

Moreover, the record refutes Criner's claim that he did not receive notice that his conviction had been affirmed until October 25, 2006. Criner signed his untimely petition for discretionary review on October 12, 2006. At that time, the deadline for filing a federal habeas application, or a state habeas application which would have tolled the federal statute of limitations, was November 21, 2006. Therefore Criner had, at a minimum, forty days remaining on the limitation period when he clearly was aware that his conviction had been affirmed.

Criner is not entitled to statutory tolling of the limitation period. He has not shown any impediment to filing created by State action in violation of the Constitution or laws of the United States, he has not shown any right newly recognized by the Supreme Court made retroactive on collateral review, and he has not shown that he could not have discovered that his conviction had been affirmed on direct appeal through the exercise of due diligence.

The Court must next consider whether the circumstances of the instant case warrant the application of equitable tolling. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (holding that the one-year statute of limitations is subject to equitable tolling). The limitation period applicable to habeas actions is not a jurisdictional bar and can, in rare and exceptional circumstances, be equitably tolled. *E.g., Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000); *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998). "[S]uch tolling is available only when the petitioner meets the high hurdle of showing (1) extraordinary circumstances (2) beyond his control (3) that made it impossible to file his petition on time." *Henderson v. Johnson*, 1 F. Supp. 2d 650, 654 (N.D. Tex. 1998).

For equitable tolling to be appropriate, external forces, rather than a litigant's lack of diligence, must account for the failure of a complainant to file a timely claim. *See Glus v. Brooklyn Eastern Dist. Terminal*, 359 U.S. 231, 235 (1959) (finding a limitation period equitably tolled where the adversary misled the complainant with regard to the deadline for filing an action). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). Such tolling is an extraordinary remedy that courts should extend sparingly and not to what may be, at best, a garden variety claim of "excusable neglect." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *Coleman*, 184 F.3d at 402.

"[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (citing *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991)). Furthermore, "ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing." *Fisher*, 174 F.3d at 714 (citing *Saahir v. Collins*, 956 F.2d 115, 118-19 (5th Cir. 1992)); *see also Barrow*, 932 F.2d at 478 ("lack of knowledge of the filing deadlines," "lack of representation," "unfamiliarity with the legal process," and "ignorance of legal rights" generally do not justify tolling). In the case at bar, Petitioner has not presented any arguments, facts or circumstances sufficient to warrant equitable tolling.

To the extent that Criner challenges the decision in his state habeas proceeding, he is not entitled to relief. This claim is time-barred. Moreover, infirmities in state habeas proceedings are not cognizable grounds for federal habeas corpus relief. *Rudd v. Johnson*, 256 F.3d 317, 319-20 (5th

Cir. 2001) (citing *Trevino v Johnson*, 168 F.3d 173, 180 (5th Cir. 1999); *Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995); *Duff-Smith v. Collins*, 973 F.2d 1175, 1182 (5th Cir. 1992); *Vail v. Procunier*, 747 F.2d 277, 277 (5th Cir. 1984)).

For the foregoing reasons, it is ORDERED that the petition for writ of habeas corpus is hereby DISMISSED as TIME-BARRED.

Copies of this order shall be transmitted to Petitioner and to Counsel for Respondent.

SO ORDERED this 27th day of April, 2011.

**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**